# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

Brett Howard Scott,

                    Petitioner,                                        Case Number: 19-10242
                                                                       Honorable Paul D. Borman

v.

Melinda Braman,

                    Respondent.
_____/

## OPINION AND ORDER
## (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS,
## (2) DENYING CERTIFICATE OF APPEALABILITY, AND
## (3) GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS ON
## APPEAL

Brett Howard Scott, a prisoner in the custody of the Michigan Department of

Corrections, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C.

§ 2254. (ECF No. 1, Petition.) Scott challenges his convictions for

delivery/manufacture of methamphetamine, carrying a concealed weapon, and

possession of a firearm during the commission of a felony. He seeks habeas relief

on the grounds that he received ineffective assistance of counsel and that the police

conducted an unconstitutional warrantless search of his vehicle.

For the reasons discussed, the Court denies the petition and denies a

certificate of appealability. The Court grants Scott leave to proceed *in forma*

*pauperis* on appeal.

## I.    Background

On April 7, 2016, police searched Scott's truck after receiving a 911 call that a truck was being driven erratically in Eaton Rapids. The caller saw the truck pull into a residential driveway and provided police with the address. Police responded to the home of Scott's girlfriend. Once there, police observed what was obviously a knife in Scott's pocket. They also discovered packet of what appeared to be methamphetamine in another pocket. An officer observed a spent pot and a fuel container consistent with the manufacture of methamphetamine in the back of the truck. Police then searched the vehicle and discovered a loaded gun, methamphetamine, pseudoephedrine pills, marijuana, two sets of digital scales, unused clear plastic baggies, and over five grams of methamphetamine.

Scott was charged in the Eaton County Circuit Court with possession with intent to deliver methamphetamine, Mich. Comp. Laws § 333.7401, possession of methamphetamine, Mich. Comp. Laws § 333.7403, carrying a concealed weapon, Mich. Comp. Laws § 750.227, possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b, operating a motor vehicle with a suspended license, Mich. Comp. Laws § 257.904(1)(b), and possession of marijuana, Mich. Comp. Laws § 333.7403(2)(d).

On January 13, 2017, Scott pleaded guilty to all counts, with the exception of the possession of methamphetamine charge, and to being a third habitual

offender. (*See* ECF No. 6-3.) He entered the plea pursuant to a plea agreement providing for the dismissal of the possession of methamphetamine charge and that the minimum sentence for felony firearm and methamphetamine would be set at 48 months. (*Id.* at PageID.107-08.) The plea agreement also encompassed unrelated criminal charges pending in Eaton County against Scott (escape while awaiting trial and malicious destruction of a building less than $200). (*Id.* at PageID.108.) The prosecutor agreed to offer a plea agreement in that case whereby Scott would plead guilty to the escape charge pursuant to a sentencing agreement of no additional incarceration and dismissal of the malicious destruction charge (a misdemeanor offense). (*Id.*)

On February 23, 2017, Scott was sentenced to four to forty years for delivery/manufacture of methamphetamine, four to ten years for carrying a concealed weapon, and two years for felony firearm. (ECF No. 6-4, PageID.140-41.) The court imposed fines and costs for the two misdemeanor convictions with no jail time. (*Id.*)

Six months later, Scott filed a motion to withdraw his plea. The trial court denied the motion. (*See* ECF No. 6-5.)

Scott filed an application for leave to appeal in the Michigan Court of Appeals, claiming that his plea was involuntary because he received ineffective assistance of counsel throughout the proceedings and his Fourth Amendment rights

3

were violated by a warrantless search of his vehicle. The Michigan Court of

Appeals denied leave to appeal. *People v. Scott*, No. 340937 (Mich. Ct. App. Feb.

16, 2018). The Michigan Supreme Court denied leave to appeal. *People v. Scott*,

502 Mich. 940 (Mich. July 27, 2018).

Scott then filed this habeas petition seeking relief on these claims:

I.     Scott received ineffective assistance of legal counsel throughout
       his proceedings.

II.    Scott's constitutional rights were violated when police
       conducted a warrantless search of a stationary, unoccupied
       vehicle on his private residential property.

(ECF No. 1, Petition, PageID.4-6.)

## II.     Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

requires federal courts to uphold state court adjudications on the merits unless the

state court's decision (1) "was contrary to, or involved an unreasonable application

of, clearly established Federal law, as determined by the Supreme Court of the

United States," or (2) "was based on an unreasonable determination of the facts in

light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A decision is "contrary to" clearly established federal law if the state court

arrives at a conclusion opposite to that reached by the Supreme Court on a question

of law, or if the state court decides a case differently than the Supreme Court has

on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362,

405-406 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.

A "state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quotation omitted). Under § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Habeas relief may be granted only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* A "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002).

## III.    Discussion

Scott argues that his rights under the Fourth Amendment were violated when police conducted a warrantless search of his vehicle which was unoccupied and parked on private property. He also maintains that his trial counsel was ineffective by failing to properly litigate his Fourth Amendment claim.

## A.    Fourth Amendment Claim

Scott's stand-alone Fourth Amendment claim may not form a basis for habeas corpus relief. First, a Fourth Amendment challenge is a non-jurisdictional defect. A guilty plea waives all non-jurisdictional pre-plea claims. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Thus, this Fourth Amendment challenge was waived by Scott's plea.

Even if Scott had not waived this claim, habeas relief is not available. The Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial." *Stone v. Powell*, 428 U.S. 465, 494-95 (1976). Michigan has a procedural mechanism which presents an adequate opportunity for a criminal defendant to raise a Fourth Amendment claim. *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000). Scott has not shown that presentation of this claim was frustrated by a failure of this mechanism. The claim is therefore barred from federal habeas review.

## B.    Ineffective Assistance of Counsel Claim

To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v.*

*Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (internal quotes omitted).

In guilty plea cases, the "prejudice" prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985). The petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*; *see also Smith v. United States*, 348 F.3d 545, 551-52 (6th Cir. 2003). A petitioner cannot show that he would have proceeded to trial "'merely by telling [the court] now that [he] would have gone to trial then if [he] had gotten different advice.'" *Shimel v. Warren*, 838 F.3d 685, 698 (6th Cir. 2016) (quoting *Pilla v. United States*, 668 F.3d 368, 373 (6th Cir. 2012)). "'The test is objective, not subjective; and thus, to obtain relief on this type of

claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.'" *Id.* (quoting *Pilla,* 668 F.3d at 373) (additional internal quotation omitted). In making such a determination, "[a] rational person would consider, not just the advantages of proceeding to trial (the prospect of a possible, though unlikely, lighter sentence), but also the disadvantages." *Moore v. United States*, 676 F. App'x 383, 386 (6th Cir. 2017).

Respondent argues that Scott waived his ineffective assistance of counsel claim because a guilty plea waives all non-jurisdictional pre-plea claims and, alternatively, that the claims are meritless. (*See* ECF No. 5, Resp't's Br. at pp. 13-14, PageID.41-42 (citing *Tollett*, 411 U.S. at 266)). Ineffective assistance of counsel claims which relate to the voluntariness of a plea are not forfeited. *See Hill*, 474 U.S. at 56 ("Where … a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.") (quotation omitted). Scott argues that counsel's failures informed and influenced his decision to plead guilty. His claims, accordingly, are not waived.

In a summary order, the Michigan Court of Appeals denied these claims for "lack of merit in the grounds presented." *People v. Scott*, No. 340937 (Mich. Ct. App. Feb. 16, 2018). A summary order like the one issued by the Michigan Court

of Appeals is presumed to be an adjudication on the merits to which AEDPA

deference applies. *See Harrington v. Richter*, 562 U.S. 86, 99-100 (2011). Scott

offers no justification for overcoming the presumption that his ineffective

assistance of counsel claim was adjudicated on the merits, and the Court finds

none. AEDPA's deferential standard of review applies.

The Court need not address *Strickland*'s first prong because the claim is

more easily resolved by addressing *Strickland*'s prejudice prong. *See Strickland*,

466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground

of lack of sufficient prejudice, which we expect will often be so, that course should

be followed."). Scott claims that his attorney failed to effectively litigate his Fourth

Amendment claim. "Where defense counsel's failure to litigate a Fourth

Amendment claim competently is the principal allegation of ineffectiveness, the

defendant must also prove that his Fourth Amendment claim is meritorious."

*Kimmelman v. Morrison*, 477 U.S. 365, 367 (6th Cir. 1986). Scott fails to show

that his Fourth Amendment claim was meritorious because the state court

explicitly held that even if counsel had presented the suppression argument in the

manner Scott argues he should have, the motion would have been denied because

no violation occurred. (*See* ECF No. 6-5, PageID.149-50.) Accordingly, Scott

cannot satisfy *Strickland*'s prejudice prong and he fails to show that the state

court's decision denying this claim was contrary to, or an unreasonable application

of, clearly established federal law. Finally, because Scott fails to show that his attorney was ineffective, he cannot show that his attorney's performance rendered his plea involuntary.

## III.   Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the claims in the habeas petition do not warrant relief. Therefore, the Court denies a certificate of appealability.

## IV.   Conclusion

For the reasons stated above, the petition for a writ of habeas corpus is DENIED.  Further, the Court DENIES a certificate of appealability.  The Court

10

finds Petitioner may proceed on appeal *in forma pauperis* because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

      IT IS SO ORDERED.

                            s/Paul D. Borman
                            PAUL D. BORMAN
                            UNITED STATES DISTRICT JUDGE

Dated: June 16, 2021